64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack ROBERTS, Defendant-Appellant.
 No. 94-6524.
 United States Court of Appeals, Sixth Circuit.
 Aug. 21, 1995.
 
 Before: BROWN, MILBURN, and NORRIS; Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 Defendant Jack Roberts appeals the sentence imposed by the district court after he pleaded guilty to conspiring to operate a "chop shop." He contends that the district court erred in its assessment of his role in the conspiracy and the total amount of loss that he inflicted upon his victims, and erred by enhancing his sentence for obstructing justice. We find these arguments to be without merit and therefore affirm the sentence ordered by the district court.
 
 I.
 
 2
 A federal grand jury indicted defendant and four of his associates for conspiring to operate and for operating a chop shop in violation of 18 U.S.C. Secs. 371 and 2322(a)(1). A chop shop is a building in which illegally obtained automobiles are altered to facilitate their resale--or the resale of their constituent parts--in interstate commerce. 18 U.S.C. Sec. 2322(b). The indictment alleged that defendant and his colleagues stole trucks, dismantled them, removed the identifying marks from the parts taken from the stolen trucks, affixed those parts to the frames of salvage trucks, then sold the rebuilt salvage trucks.
 
 
 3
 Defendant's four coconspirators pleaded guilty to charges stemming from the chop shop operation. Later, after the second day of his trial, defendant also entered a plea of guilty to the conspiracy count of the indictment. The district court held a sentencing hearing at which it considered testimony and entertained defendant's objections to the presentence investigation report (PSI). The court rejected defendant's objections, sentenced him to forty-one months' imprisonment to be followed by three years' supervised release, and ordered him to pay restitution in the amount of $241,327.45. Defendant now raises three challenges to the sentence imposed by the district court.
 
 II.
 
 4
 The district court, pursuant to the PSI's recommendation, enhanced defendant's base offense level by four levels because of his leadership role in the conspiracy. Section 3B1.1(a) of the United States Sentencing Guidelines authorizes a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Defendant contends that he did not act as the mastermind of the conspiracy but instead was merely a customer of the enterprise. We review the district court's contrary ruling for clear error. United States v. Bashara, 27 F.3d 1174, 1182 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995).
 
 
 5
 The district court relied upon sentencing hearing testimony to reach its conclusion that defendant acted in a leadership capacity. According to that testimony, defendant loaned his coconspirators $1,500 to relocate the chop shop after its initial location came to the attention of the police. He also once loaned a truck steering column to his coconspirators so that they could practice auto theft techniques. Defendant was recognized to be a more sophisticated business person than his coconspirators; accordingly, he directed their activities, including telling them precisely what model of truck to steal. He also received a greater share of the profits from the enterprise than did his coconspirators. All of these considerations weigh in favor of imposing the enhancement. U.S.S.G. Sec. 3B1.1, comment. (n. 4).
 
 
 6
 Defendant argues, in essence, that the district court erred in crediting the testimony upon which it based its imposition of the enhancement. We will not disturb such factual assessments unless we discern clear error. See United States v. Crousore, 1 F.3d 382, 386 (6th Cir.1993). The testimony at the sentencing hearing, a sampling of which is provided above, amply supports the district court's conclusion. We therefore cannot agree with defendant that the district court clearly erred in finding him to be a leader of the conspiracy.
 
 III.
 
 7
 The district court, again relying upon the PSI's recommendation, enhanced defendant's base offense level by eight levels based upon the retail value of the property--vehicles and vehicle parts--stolen in the course of the conspiracy. The table found at Sec. 2F1.1(b)(1) mandates an eight-level enhancement when the amount of loss exceeds $200,000. Pursuant to Sec. 1B1.3(a)(1)(B) of the guidelines, which directs sentencing courts to consider "all reasonably foreseeable acts ... of others in furtherance of ... jointly undertaken criminal activity," the court based its sentencing conclusion upon the value of all the property stolen by members of the conspiracy. According to the PSI, the retail value of the stolen trucks was $237,327.
 
 
 8
 Defendant does not contest the PSI's valuation of the trucks stolen in furtherance of the conspiracy. He instead argues that he purchased only a small portion of the parts of the trucks stolen by his coconspirators and that he should be held accountable for only that amount. Specifically, he disputes the district court's finding that all of the thefts by his coconspirators were reasonably foreseeable.
 
 
 9
 We will reverse a district court's factual conclusion that the conduct of one's coconspirator was reasonably foreseeable only if it is clearly erroneous. United States v. Jenkins, 4 F.3d 1338, 1346 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994). No such error is apparent. As the district court concluded from the sentencing hearing testimony, defendant led the conspiracy, which was broad-scale and complex. Thus, even assuming the truth of his continued protestation that he utilized parts from only some of the stolen trucks, it is well within the bounds of reason to conclude that defendant could foresee the theft of all of the trucks. We therefore reject defendant's challenge to the enhancement based upon the amount of loss attributable to him.
 
 IV.
 
 10
 Pursuant to Sec. 3C1.1 of the guidelines, the district court enhanced defendant's base offense level by two levels for obstruction of justice based upon its determination that defendant perjured himself during his sentencing hearing. The court rejected defendant's version of events, choosing instead to credit the divergent version provided by his coconspirators; the court identified four distinct lies in defendant's testimony.
 
 
 11
 Defendant argues that the court gave undue weight to the testimony of his coconspirators. In essence, this is an attack on the district court's credibility determination. Our review is for clear error, and we are extremely hesitant to disturb such credibility determinations. Crousore, 1 F.3d at 386. There was conflicting testimony at the sentencing hearing. In our view, the record simply does not warrant our saying that the district court committed error when it credited the testimony of defendant's coconspirators and concluded that defendant had perjured himself. We therefore reject defendant's challenge to the obstruction of justice enhancement.
 
 V.
 
 12
 For the foregoing reasons, we affirm the sentence imposed by the district court.